IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JESSE L. LACASSE,

    Plaintiff,

v.                                                                                                                                                      No. 24-cv-0806-KG-JFR

OTERO COUNTY PRISON FACILITY, *et al*,

    Defendants.

## ORDER OF DISMISSAL

This matter is before the Court following Plaintiff Jesse L. LaCasse's failure to pay the initial partial filing fee as directed. Plaintiff is incarcerated and proceeding *pro se*. By an Order entered April 8, 2025, the Court granted leave to proceed *in forma pauperis* and directed Plaintiff to pay an initial partial filing fee of $15.60. (Doc. 4) (IFP Order). The initial payment is based on Plaintiff's inmate account statement. It is required by statute where, as here, an inmate files a civil complaint. *See* 28 U.S.C. § 1915(b)(1). The IFP Order warns that the failure to timely pay the initial filing fee may result in the dismissal of this case without further notice.

The payment deadline expired on May 8, 2025. Plaintiff did not comply. Instead, he filed a copy of the IFP Order along with a copy of his inmate account statement reflecting transactions between March 14, 2025 and April 15, 2025. (Doc. 3) at 5. Plaintiff received $19.00 during that one-month period, but he spent most of the money on commissary items. *Id.* The filing does not contain any written statement from Plaintiff; explain why he has not paid the initial fee; or otherwise seek an extension of the payment deadline. *Id.* To the extent Plaintiff seeks a waiver of the initial filing fee, such relief is unavailable. The Tenth Circuit holds that "[w]hen a prisoner has sufficient income to pay a monthly partial filing fee and instead spends his money on amenities at the prison canteen, he cannot be excused for failing to make the required

partial payments." *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003).

For these reasons, the Court will dismiss Plaintiff's Prisoner Civil Rights Complaint (Doc. 2) pursuant to Fed. R. Civ. P. 41(b) for "failure to prosecute [and] comply with the … court's orders." *Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003). The dismissal is without prejudice; the claims are not time-barred; and this ruling "does not count as a strike under [28 U.S.C.] § 1915(g)." *Carbajal v. McCann*, 808 Fed. App'x 620, 629 (10th Cir. 2020) (addressing the three-strike rule and distinguishing between Rule 41(b) dismissals and screening dismissals for failure to state a claim). Plaintiff may file another civil rights complaint and an updated motion to proceed *in forma pauperis* if he still seeks to prosecute his claims. *See Gallegos v. Tafoya*, 2025 WL 1475247, at *1 (D.N.M. May 22, 2025) (noting the three-year statute of limitations on 42 U.S.C. § 1983 claims in New Mexico and explaining that the "only practical consequence of dismissal [without prejudice] is that Plaintiff will have to fill out" new forms).

IT IS ORDERED:

1. Plaintiff's Prisoner Civil Rights Complaint (Doc. 2) is dismissed without prejudice.
2. The Clerk's Office shall mail Plaintiff an *in forma pauperis* motion and complaint.
3. The Court will enter a separate judgment closing the civil case.

/s/_____
KENNETH J. GONZALES[1]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.